James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@Jameshawkinsaplc.com
Christina@Jameshawkinsaplc.com

Attorneys for Plaintiff LAN LE,
on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

| | |
|---|---|
| LAN LE, individually and on behalf of himself and all others similarly situated, | Case No. **'20 CV 2040 BEN BLM** |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | *Assigned To:* |
| v. | District Judge: |
| | Magistrate Judge: |
| MEDTRONIC, INC., a Minnesota Corporation; COVIDIEN, L.P., a Delaware Limited Partnership; and DOES 1-50, inclusive, | **COMPLAINT FOR:** |
| | 1) **Violation of the Fair Credit Reporting Act for Failure to Make Proper Disclosures [15 U.S.C. § 1681b(b)(2)(A)(i)];** |
| Defendant. | 2) **Violation of the Fair Credit Reporting Act for Failure to Obtain Proper Authorization[15 U.S.C. § 1681b(b)(2)(A)(ii)];** |
| | 3) **Failure to Make Proper Disclosure and Obtain Proper Authorization [California Civil Code § 1786 et seq., Investigative Consumer Reporting Agencies Act);** |
| | 4) **Failure to Make Proper Disclosure [California Civil Code § 1785 et seq., Consumer Credit Reporting Agencies Act];** |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff LAN LE ("Plaintiff"), an individual, asserts claims against Defendants MEDTRONIC, INC., a Minnesota Corporation; COVIDIEN, L.P., a Delaware Limited Partnership; and DOES 1-50, inclusive (collectively "MEDTRONIC" or "Defendants") as follows:

## I.    INTRODUCTION

1.    Plaintiff brings a Class Action, pursuant to Federal Rule of Civil Procedure, Rules 23(b)(1) and Rule 23(b)(3), and asserts claims against Defendants on behalf of himself and all persons who applied for jobs with Defendants, or who were employed by, or formerly employed by Defendants in California who, as a condition of employment, executed Defendants' standard background check disclosure form and submitted to a background check.

2.    Plaintiff alleges that during the relevant time period, Defendants improperly conducted background checks, conducted background checks without proper authorization and proper disclosures, and obtained background checks and consumer reports on Plaintiff and Class Members when they applied for employment in violation of the Fair Credit Reporting Act ("FCRA"), 15 USC §1681 et seq., the Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785 et seq., and the California Investigative Consumer Reporting Agencies Act ("ICRAA")(Cal. Civ. Code § 1786 et seq.).

3.    Plaintiff also alleges that Defendants failed to translate and provide the requisite disclosures and authorizations in a language understandable to employees or applicants with limited English reading proficiency.  This constitutes a further violation of the FCRA, CCRA, and ICRAA as to this subclass of Class Members.

4.    Plaintiff, individually and on behalf of the Class, seeks actual damages, statutory damages, penalties, and punitive damages due to Defendants' systematic and willful violations of the FCRA.

5.    Plaintiff also seeks actual damages, and punitive damages due to

Defendants' systematic and willful violations of the ICRAA.

## II.   JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction because this case arises out of violations of federal law. 15 U.S.C. §1681 et. seq.

7.      Defendants do business within the State of California, County of Orange.

8.      Venue is proper in the Central District of California—Southern Division because Plaintiff was employed by Defendants in Orange County, California.

9.      In addition, pursuant to 28 U.S.C. § 1391, venue is proper because Defendants are corporations that (i) are subject to personal jurisdiction in this District, and, therefore, reside in this District and/or (ii) committed the wrongful conduct against Plaintiff and certain members of the Class in this District.

## III.   PARTIES

10.      Defendant Medtronic, Inc. is a Minnesota corporation in good standing that is authorized to do business throughout the state.  Medtronic, Inc.'s headquarters are located at 710 Medtronic Parkway, Minneapolis, Minnesota 55432.

11.      Defendant Covidien LP is a Delaware limited partnership in good standing that is authorized to business throughout the state.  Covidien LP's headquarters are located at 15 Hampshire St., Mansfield, Massachusetts 02048.

12.      Defendants are employers of employees in California and are engaged in business throughout the State of California, including the County of Orange.

13.      Plaintiff Lan Le is and during the liability period has been, a resident of Orange County, California.

14.      Plaintiff Le was employed by Defendants during the liability period as a non-exempt employee working in Defendants' facility in Irvine, California.

15.     Plaintiff and the members of the Class are all prospective employees and/or current employees employed by, or formerly employed by Defendants in California who, as a condition of employment, were required to submit to a background or credit check at any time during the liability period.

16.     Whenever in this complaint reference is made to any act, deed, or conduct of Defendant, the allegation means that Defendant engaged in the act, deed, or conduct by or through one or more of Defendant's officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendant.

## FACTUAL ALLEGATIONS TO ALL CLAIMS

17.     Plaintiff was employed as an hourly, non-exempt employee by Defendants during the liability period.

18.     During the relevant time period, Defendants unlawfully conducted credit and background checks of job applicants including Plaintiff and Class Members in violation of California law.  Specifically, as part of the employment application, Defendants required Plaintiff and Class Members to sign a "Disclosure Regarding Background Reports" and "Authorization to Obtain Background Check Reports" form for Defendants to perform a background check and obtain consumer credit reports. This form is embedded with extraneous information and surplusage pertaining to several state law requirements, fails to provide all the requisite information and contains a liability waiver. This document fails to meet the "clear and conspicuous" requirement under California and Federal law.

19.     During the relevant time period, Defendants willfully violated the Consumer Credit Reporting Agencies Act, Civil Code section 1785, *et seq.* ("CCRAA") by not providing the proscribed written notice to Plaintiff and Class, including but not limited to, identifying the specific basis under Lab. Code §1024.5 for use of the consumer credit report.

20.     During the relevant time period, Defendants willfully violated the Investigative Consumer Reporting Agencies Act, Civil Code section 1786, *et seq.* ("ICRAA") by not providing appropriate statutory notice to Plaintiff and Class Members prior to performing a background and credit check. The disclosure/authorization documents provided to Plaintiff and Class Members fail to provide all the requisite statutory information, contained extraneous information and a liability waiver. The disclosure/authorization documents Plaintiff and Class Members were required to fill out and sign failed to provide the requisite disclosure in a clear and conspicuous stand-alone document.

21.     During the relevant time period, Defendants willfully violated the Fair Credit Reporting Act ("FCRA") 15 USC 1681 *et seq.* by not providing proper statutory notice and disclosures to Plaintiff and Class Members prior to performing a background check. The disclosure/authorization documents provided to Plaintiff and Class Members fail to provide all the requisite statutory information including but not limited to the name, address and telephone number of reporting agency. The disclosure/authorization document fails to provide to Plaintiff and Class Members "clear and conspicuous" notice in the form of a stand-alone document. The disclosures and authorization forms also include extraneous information or surplusage in violation of the law.

22.     Plaintiff also alleges that, during the relevant time period, Defendants failed to translate and provide the requisite disclosures in a language understandable (including without limitation, in Vietnamese or Spanish) to employees or applicants with limited English reading proficiency.

23.     Defendants knew or should have known that a significant portion of their employees and applicants had limited English reading proficiency. Yet, upon information and belief, Defendants did not provide translations of the background check/credit check disclosures, authorizations and release forms to such employees

and applicants.

24.     This constitutes a further violation of the FCRA, CCRA, and ICRAA as any disclosures and authorizations were not clear and conspicuous, or understandable to such employees, and any authorization signed is void.

25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants currently employ and during the relevant period have employed hundreds of employees in the State of California in non-exempt hourly positions, and that there have been hundreds of applicants and employees of Defendants throughout the United States during the liability period.

26.      Non-Exempt Employees employed by Defendants all times pertinent hereto, have been Non-Exempt Employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

## ICRAA AND CCRAA CLASS ACTION ALLEGATIONS

27.     The **proposed ICRAA CLASS** in this action is defined as:  all persons residing in California who applied for a job with Defendants in the State of California and who executed Defendants' Standard FCRA Disclosure form at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (**the "ICRAA CLASS").**  Plaintiff brings the claims under the ICRAA, on his own behalf, as well as on behalf of each and every other person similarly situated, and thus, seeks class certification under Code of Civil Procedure section 382 and Federal Rule of Civil Procedure, Rule 23.

28.     The **proposed CCRAA CLASS** in this action is defined as:  all persons residing in California who applied for a job with Defendants in the State of California and who executed Defendants' Standard FCRA Disclosure form at any time during the period beginning seven (7) years prior to the filing of this Complaint and ending on the date as determined by the Court (**the "CCRAA CLASS").**  Plaintiff brings

the claims under the CCRAA, on his own behalf, as well as on behalf of each and every other person similarly situated, and thus, seeks class certification under Code of Civil Procedure section 382 and Federal Rule of Civil Procedure, Rule 23.

29.   Plaintiff also seeks to represent a Subclass of individuals included in both the proposed ICRAA and CCRAA Classes:

    a.  All ICRAA Class Members with limited English reading proficiency.

    b.  All CCRAA Class Members with limited English reading proficiency.

30.   Plaintiff reserves the right, under Rule 3.765, California Rules of Court, to amend or modify the descriptions of the Class to provide greater specificity as appropriate, or if it should be deemed necessary by the Court or to further divide the Class Members into additional Subclasses or to limit the Subclasses to particular issues.  Any reference herein to the Class Members or the Plaintiffs' Class includes the members of each of the Subclasses.

31.   As set forth in further detail below, this action has been brought and may properly be maintained as a class action under the provisions of FRCP 23 and/or section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation, and the proposed Class and Subclasses are easily ascertainable through Defendants' records.

    a.   <u>Numerosity</u>:  The members of the ICRAA and CCRAA Classes and Subclasses are so numerous that joinder of all members of the Class and Subclasses would be unfeasible and impractical. The membership of the entire ICRAA and CCRAA Classes and Subclasses is unknown to Plaintiff at this time, however, the Classes are estimated to include hundreds of individuals. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges Defendants' employment records and employment

applications would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Classes is not practicable.

b.      The proposed class is easily ascertainable. The number and identity of the Class Members are determinable from Defendants' employment applications, background check forms, and payroll records for each Class Member. Class Members may self-identify as to membership in the Subclasses, as appropriate.

c.      <u>Commonality:</u>  There are common questions of law and fact as to the ICRAA and CCRAA Classes and Subclasses that predominate over questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

1)      Whether Defendants failed to provide the class with stand-alone written disclosures before obtaining a consumer report, credit or background report in compliance with the statutory mandates;

2)      Whether Defendants failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation;

3)      Whether Defendants failed to identify the source of the credit report performed;

4)      Whether Defendants notified the Class Members of the Internet Web site address of the investigative consumer reporting agency conducting the investigation;

5)      Whether Defendants' failed to identify a specific basis for requesting a consumer credit report in compliance with statutory requirements;

6)      Whether Defendants failed to comply with the ICRAA and/or CCRAA;

7)      Whether Defendants failed to comply with the requirement that disclosures be clear and conspicuous by including extraneous information;

8)    Whether Defendants failed to provide the disclosures and authorizations in a language understandable to the Subclasses;

9)    Whether Defendants' failure to comply with ICRAA and CCRAA were willful or grossly negligent.

d.    <u>Typicality</u>: Plaintiff's claims are typical of the Class Members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice, or lack of a policy which resulted in Defendants' performance of unauthorized background and credit checks, failure to provide proper disclosures, failure to identify the statutory  failure to obtain proper authorizations, acquisition of unlawful consumer reports, and failure to comply with the ICRAA as alleged herein.

e.    <u>Adequacy</u>:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the  Class and/or Subclasses with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclasses, and no such relationships or conflicts are currently known to exist. Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Class or Subclasses if needed.

f.    <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, judicial resources, and expense, which would not be achieved with separate lawsuits.  The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and resulting in

the impairment of the rights of the members of the Class and/or Subclasses and the disposition of their interests through actions to which they were not parties.  Thus, a class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for both parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

g.      Public Policy Considerations: Employers in the state of California violate employment and labor laws every day.  However, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage. Additionally, the citizens of California have a significant interest in ensuring employers comply with California's labor laws and in ensuring those employers who do not are prevented from taking further advantage of their employees.

**FCRA CLASS ALLEGATIONS**

32.     Plaintiff alleges that Defendants violated the Fair Credit Reporting Act 15 U.S.C. § 1681, et seq. ("FCRA").  Plaintiff asserts these claims arising under the FCRA on a class-wide basis.

33.     Plaintiff applied to work for Defendants in California.  In connection

with his employment and/or application, Plaintiff was required to fill out Defendants' standard FCRA Disclosure form permitting Defendants to obtain a consumer credit report/background report on Plaintiff.

34.    Upon information and belief, Defendants required all members of the FCRA Class to complete the same or a substantially similar standard FCRA Disclosure form.

35.    The FCRA provides individuals with a number of rights.  Specifically, pertaining to employment-related background checks, the FCRA provides that a prospective employee must give valid consent to the background check.  The FCRA requires a signed authorization and disclosure from the applicant, sometimes referred to as a "consent" form.  The authorization and disclosure form must be executed and signed by the applicant prior to an employer requesting or conducting a background check.  Importantly, no extraneous information can be attached or included on the consent form.  The authorization and disclosure must stand alone.

36.    In violation of 15 U.S.C. § 1681b(b)(2), Defendants failed to provide proper disclosures to employees and applicants prior to causing such background checks and consumer reports to be procured, and failed to secure requisite authorizations prior to conducting such background checks.

37.    A prospective employer violates FCRA's standalone document requirement by including extraneous information relating to various state disclosure requirements in that disclosure.  *Gilberg v. Cal. Check Cashing Stores, Ltd. Liab. Co.*, 913 F.3d 1169, 1171 (9th Cir. 2019).

38.    In violation of 15 U.S.C. § 1681b(b)(2)(A)(ii) Defendants obtained consumer reports without proper authorization and consent as required by the FCRA. This triggers statutory damages under the FCRA in the amount of up to $1,000 for each applicant that Defendants obtained a consumer report for without a valid authorization, as well as punitive damages, equitable relief, and attorneys' fees and

costs.

39.     In addition, Plaintiff alleges that in violation of the law, Defendants failed to translate and provide the requisite disclosures and authorizations in a language understandable to employees or applicants with limited English reading proficiency.

40.     Plaintiff brings the First and Second Cause of Action on behalf of a **Nationwide Class**, defined as all persons residing in the United States who applied for a job with Defendants and who executed Defendants' Standard FCRA Disclosure form at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (**the "FCRA CLASS").**

41.     Plaintiff further seeks to represent a subclass of the FCRA Class defined as:

> a.  All FCRA Class Members with limited English reading proficiency.

42.     To the extent equitable tolling operates to toll claims by the FCRA CLASS against Defendants, the FCRA CLASS PERIOD as specified in the preceding paragraph should be adjusted accordingly.

43.     Defendants, as a matter of corporate policy, practice and procedure, and in violation of The Fair Credit Reporting Act 15 U.S.C. § 1681, et seq., intentionally, knowingly, and willfully, engaged in a practice whereby Defendants uniformly, unfairly, unlawfully, and deceptively instituted a practice of obtaining consumer reports without valid authorization to do so and without providing proper disclosures.

44.     The FCRA CLASS is so numerous that joinder of all FCRA CLASS Members is impracticable.

45.     Defendants uniformly violated the rights of the FCRA CLASS by violating The Fair Credit Reporting Act 15 U.S.C. § 1681, et seq., by (a) unlawfully,

unfairly and/or deceptively having in place company policies, practices and procedures that uniformly obtained consumer reports on prospective employees without first obtaining valid authorization consent forms; (b) failing to make proper, clear and conspicuous disclosures; (c) violating FCRA's standalone document requirement by including extraneous information relating to various state disclosure requirements in the disclosure; (d) failing to make clear and conspicuous disclosures; (e) failing to obtain proper authorizations; and (f) illegally procuring consumer reports, credit and background reports.

46.     As a result of Defendants' violations, Plaintiff, and upon information and belief the Class Members, were confused regarding the nature of their rights under the FCRA and did not give valid authorization for Defendants to procure a consumer report.

47.     Defendants acted willfully in a deliberate manner or in reckless disregard of the obligations imposed by the FCRA, and the rights of applicants and employees.  The willfulness of Defendants' conduct is demonstrated, in part, by:

a.     Defendants' practices were carried out in the manner that Defendants intended and not by mere accident or mistake.

b.     The statutory language and mandates restricting and governing Defendants' business and practice of conducting background, credit, and consumer checks have been in effect for decades.

c.     Defendants' conduct was at least reckless in failing to make an appropriate and effective effort to ascertain and comply with the FCRA provisions governing their conduct.

d.     Defendants' failure to translate and provide disclosures to Class Members in languages other than English, despite knowing that a significant number of Class Members had limited English reading proficiency.

e.      Defendants knew or should have known about their legal obligations under the FCRA, as these obligations are well established in the law and large corporations (like Defendants) have access to legal counsel and written materials to apprise it of its duties under the FCRA.

f.      Upon information and belief, Defendants knew or should have known that they were required to make such proper, clear and conspicuous disclosures to FCRA CLASS MEMBERS and/or that its background check forms should not include extraneous information that is prohibited by the FCRA.

g.      Despite the clear notice of the law, full ability to comply and ample opportunity, Defendants failed to provide proper, clear and conspicuous disclosures and use legally compliant background check forms.

48.     Nevertheless, Defendants acted in deliberate disregard of their obligations and the rights of PLAINTIFF and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(i).

49.     As a result of Defendants' illegal procurement of consumer reports by way of their inadequate disclosures, PLAINTIFF and the FCRA CLASS have been damaged including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA, and suffering increased risk of identity theft or fraud.

50.     Defendants' failure to provide a compliant disclosure, and failure to obtain proper authorization, deprived Plaintiff and others similarly situated of the right to information and the right to privacy guaranteed by 15 U.S.C. § 1681b(b)(2)(A). *Syed v. M-I, LLC,* 853 F.3d 492, 499 (9th Cir. 2017).

51.     Common questions of law and fact exist as to members of the FCRA

CLASS, including, but not limited, to the following:

    a.    Whether Defendants required the FCRA CLASS Members to sign a background check disclosure and authorization forms;

    b.    Whether Defendants' background check disclosure and authorization forms comply with the FCRA;

    c.    Whether Defendants violated the FCRA by failing to translate and provide disclosures in languages other than English to Class Members with limited English reading proficiency;

    d.    Whether Defendants violated the FCRA by including a liability release in its background check disclosure and authorization forms;

    e.    Whether Defendants violated the FCRA by including surplusage and/or extraneous information in its background check disclosure and authorization forms;

    f.    Whether Defendants violated the FCRA by procuring consumer report information based on invalid authorizations;

    g.    Whether Defendants violated the FCRA by procuring consumer report information without valid authorizations;

    h.    Whether Defendants violations of the FCRA were willful;

    i.    The proper measure of statutory damages and punitive damages.

52.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action in that:

    a.    The persons who comprise the FCRA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    b.    The members of the FCRA CLASS are readily ascertainable from Defendants' business records.

c.      Nearly all factual, legal, statutory, and declaratory relief issues that are raised in this Complaint are common to the FCRA CLASS will apply uniformly to every member of the FCRA CLASS;

d.      The claims of the representative Plaintiff are typical of the claims of each member of the FCRA CLASS. Plaintiff, like all the other members of the FCRA SUBCLASS, had a background/consumer report obtained on his behalf by Defendants prior to obtaining valid authorization to do so in violation of the FCRA as described herein.  Plaintiff and the members of the FCRA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by Defendants; and,

e.      The representative Plaintiff will fairly and adequately represent and protect the interest of the FCRA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the FCRA CLASS that would make class certification inappropriate. Counsel for the FCRA CLASS will vigorously assert the claims of all employees in the FCRA CLASS.

53.     In addition, the prosecution of separate actions will create the risk of inconsistent or varying adjudications with respect to individual members of the FCRA CLASS which would establish incompatible standards of conduct for the parties opposing the FCRA CLASS; and/or, adjudication with respect to individual members of the FCRA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

54.     Common questions of law and fact exist as to members of the FCRA CLASS, with respect to the practices and violations of the FCRA set forth above, and predominate over any question affection only individual FCRA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy.

55.     A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action.

56.     In the context of employment litigation because as a practical matter a substantial number of individual FCRA CLASS Members will avoid asserting their legal rights out of fear of retaliation by Defendants, which may adversely affect an individual's job with Defendants or with a subsequent employer, the Class Action is the only means to assert their claims through a representative.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CLASS ACTION CLAIMS

## FIRST CAUSE OF ACTION

## FOR FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA [15 U.S.C. § 1681b(b)(2)(A)(i), ET SEQ.]

### (By PLAINTIFF and the FCRA CLASS Against Defendants)

57.     Plaintiff, and the other members of the FCRA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

58.     15 U.S.C. §1681b(b)(2)(A)(i) provides that:

a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless -
(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes.

59.     The purported disclosures are embedded with extraneous information and are not clear and unambiguous disclosures in standalone documents.

60.     First, Defendants violated 15 U.S.C. § 1681b(b)(2)(A)(i) of the FCRA by failing to make the disclosures to Plaintiff and members of the FCRA CLASS in a document that consists solely of the disclosure as required by the statute before the report is procured or caused to be procured.

61.     This violates the so-called "standalone" disclosure requirement in 15 U.S.C. § 1681b(b)(2)(A)(i) (the FCRA disclosure must be "in a document that consists solely of the disclosure") because Defendants' FCRA disclosure combines both federal and state disclosures, among other extraneous and irrelevant information. *Gilberg v. California Check Cashing Stores, LLC,* 913 F.3d 1169, 1175 (9th Cir. 2019).

62.     Second, Defendants further violated 15 U.S.C. § 1681b(b)(2)(A)(i) of the FCRA by failing to make proper, clear and conspicuous disclosures to Plaintiff and members of the FCRA CLASS as required by the statute before the consumer report is procured or caused to be procured.

63.     The FCRA disclosure violates the "clear and conspicuous disclosure" requirement in 15 U.S.C. § 1681b(b)(2)(A)(i).  The FCRA disclosure is unclear, as it would "confuse a reasonable reader because it combines federal and state disclosures." *Gilberg*, 913 F.3d at 1176.

64.     The disclosure further violates the clear and conspicuous requirement because it includes references to "applicable law" and "applicable state law" but includes disclosures from various states that are not applicable to the subject employee's employment.

65.     Plaintiff alleges, upon information and belief, that the violations of the FCRA were willful based on the clear statutory text and regulatory guidance.  The statutory text of the standalone requirement is straightforward.  The word "solely" in subsection (i) and the one express exception in subsection (ii), shows that "the FCRA should not be read to have implied exceptions[.]"  *Gilberg,* 913 F.3d at 1175 (citing to *Syed,* 853 F.3d at 501-03).

66.     Moreover, the Federal Trade Commission has unambiguously directed that no extraneous information should be included in the FCRA disclosure.  *See* FTC Opinion Letter, 1997 WL 33791227, at *1 (Oct. 21, 1997)(the "document should include nothing more than the disclosure and the authorization for obtaining a consumer report"; *see also*  FTC Opinion Letter, 1998 WL 34323748, at *2 (Feb. 11, 1998) (disclosure may describe the "nature of the consumer reports" it covers, but otherwise should "not be encumbered with extraneous information"); FTC Opinion Letter, 1998 WL 34323756, *1 (June 12, 1998)(inclusion of a waiver in a disclosure form violates Section 1681b(b)(2)(A).

67.     In addition, Plaintiff further alleges that Defendants failed provide proper disclosures by failing to translate and provide disclosures in languages other than English to Class Members that had limited English reading proficiency.

68.     Defendants' violation of the "clear and conspicuous disclosure" requirement was willful.  Defendants knew that its standard disclosure form must be clear and not contain extraneous information, such as state disclosures, that would confuse a reasonable person about the nature of his rights under the FCRA.

69.     Plaintiff and the Class Members have been deprived of their consumer right and prevented from making informed decisions about whether to permit Defendants to obtain their personal information and have been injured by the violation of their privacy and statutory rights as a result of Defendants' procurement of credit and background reports in violation of the FCRA.

70.     As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent are entitled to statutory damages pursuant to 15 USC § 1681n plus punitive damages, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION**

**FOR FAILURE TO OBTAIN PROPER AUTHORIZATION IN**

**VIOLATIONS OF THE FCRA [15 U.S.C. § 1681b(b)(2)(A)(ii)]**

**(By PLAINTIFF and the FCRA CLASS Against Defendants)**

71.     Plaintiff, and the other members of the FCRA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

72.     Defendants violated the FCRA by procuring consumer reports relating to Plaintiff and other FCRA CLASS Members without proper authorization as alleged herein. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

73.     The violations of the FCRA were willful.  Defendants acted in deliberate disregard of its obligations and the rights of Plaintiff and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

60.     As a result of Defendants' illegal procurement of consumer reports as set forth above, Plaintiff and Class Members have been deprived of their consumer rights and prevented from making informed decisions about whether to permit Defendants to obtain their personal information and Plaintiff and FCRA CLASS Members have been injured by including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA, and suffering increased risk of identity theft or fraud.

61.     As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent are entitled to statutory damages pursuant to 15 USC § 1681n plus punitive damages, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA (CAL. CIV. CODE § 1786 ET SEQ.)

**(By Plaintiff and the ICRAA CLASS Against Defendants)**

74.     Plaintiff incorporates all paragraphs of this Complaint is if fully alleged herein.

75.     Each Defendant is a "person" as defined by Section 1786.2(n) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

76.     Plaintiff and ICRAA SUBCLASS members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

77.     Section 1786.2(c) of the ICRAA defines an ''investigative consumer report" as: a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means.

78.     Thus, Defendants' background checks qualifies as an investigative consumer report under the ICRAA

79.     Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

If, at any time. an investigative consumer report is sought for employment purposes... the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

(B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

(i)     An investigative consumer report may be obtained.

(ii)    The permissible purpose of the report is identified.

(iii)   The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv)    Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

(v)     Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

(vi)    Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in the clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the  United States or its territories and information that complies with subdivision (d) of Section 1786.20. …

(C) The consumer has authorized in writing the procurement of the report.

80.     As described above, Plaintiff alleges that in evaluating him and other ICRAA CLASS members for employment or during employment, Defendants procured or caused to be prepared investigative consumer reports (e.g. background checks), as defined by Cal. Civ. Code §1786.2(c).

81.     Further, as described above, the purported disclosures provided by Defendants to Plaintiff and the ICRAA CLASS are laden with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents.  Thus, they do not meet the requirements under the law.

82.     Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of extraneous information, in particular those disclosures related to the rights of applicants or employees in other states, therefore, violates Civil Code § 1786.16(a)(2)(B) of the ICRAA.

83.     The plain language of the statute clearly indicates that the inclusion of this extraneous information in a disclosure form violates the disclosure and authorization requirements of the ICRAA, because such a form would not consist "solely" of the disclosure.

84.     By including the extraneous information, Defendants willfully violated § 1786.16(a)(2)(B) of the ICRAA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be '"clear and conspicuous" and thus violates § 1786.16(a)(2)(B).

85.     Upon information and belief, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring background checks or causing background checks to be procured, as described above. Pursuant to that policy and practice, Defendants

COMPLAINT

procured background checks or caused background checks to be procured for Plaintiff and class members without first providing a valid written disclosure in compliance with §1786.16(a)(2)(B) of the ICRAA, as described above.

86.     In addition, in further violation of the statute, Defendants' disclosure form failed to identify the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation and failed to notify the consumer of the Internet Web site address of the investigative consumer reporting agency conducting the investigation.

87.     Defendants' conduct in violation of § 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of its obligations and the rights of applicants and employees, including Plaintiff and ICRAA CLASS members.

88.     As a result of Defendants' illegal procurement of background reports by way of its inadequate disclosures, as set forth above, Plaintiff and Class Members have been deprived of their consumer rights and prevented from making informed decisions about whether to permit Defendants to obtain their personal information, and Plaintiff and ICRAA CLASS members have been injured, including, but not limited to, having his privacy und statutory rights invaded in violation of the ICRAA.

89.     Plaintiff, on behalf of himself and all ICRAA CLASS members, seeks all avai1able remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF CCRAA (CAL. CIV. CODE§ 1785 ET SEQ.)

### (By Plaintiff and the CCRAA SUBCLASS Against all Defendants)

90.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

91.     Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit Reporting Agencies Act ("CCRAA").

92.     Plaintiff and CCRAA SUBCLASS members are "consumers" within the· meaning of Section 1785.3(b) of the CCRAA, because they are "natural individuals."

93.     Section 1785.3(c) of the ICRAA defines "consumer credit report" as:
Any written, oral, or other communication or any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: ... (2) employment purposes...

94.     Thus a credit report qualifies as a consumer credit report under the CCRAA.

95.     Section 1785.20.5(a) of the CCRAA provides, in relevant part:
Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report…

96.     As described above, Plaintiff alleges that in evaluating him and other CCRAA CLASS members for employment or during employment, Defendants procured or caused to be prepared consumer credit reports (e.g. credit reports), as defined by Cal. Civ. Code § 1785.3(c).

97.     The notice provided to Plaintiff and the CCRAA CLASS members in connection with this consumer credit report failed to identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report.

98.     This constitutes a violation of the Labor Code section 1785.20.5.

99.     Upon information and belief, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before, procuring credit reports or causing credit reports to be procured as described above. Pursuant to that policy and practice, Defendants procured credit reports or caused credit report to be procured for Plaintiff and CCRAA SUBCLASS members without first providing a written notice in compliance with § 1785.20.5(a) of the CCRAA, as described above.

100.    Defendants' conduct in violation of § 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members, Defendants' willful conduct is reflected by, among other things, the following facts:

(a)     Defendants are large corporations with access to legal advice;

(b)     Defendants required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences Declarants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(c)     The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the CCRAA's notice requirements, and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

101.    As a result of Defendants' illegal procurement of credit reports by way of their inadequate notice, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

102.   Plaintiff, on behalf of himself and all CCRAA CLASS members, seeks all available remedies pursuant to Cal. Civ. Code § 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

103.   In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1785.31(a)(1), including but not limited to. actual damages and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray judgment against Defendants, as follows:

### **Class Certification**

1.     That this action be certified as a class action;

2.     That Plaintiff be appointed as the representative of the Classes;

3.     That Plaintiff be appointed as the representative of any Subclasses; and

4.     That counsel for Plaintiff be appointed as counsel for the Classes and Subclasses.

### **On the First and Second Causes of Action**

#### Violation of FCRA

#### (Class Claim)

1. A determination and judgment that Defendants willfully violated the 15 U.S.C. § 1681(b)(2)(A)(i) and(ii) of the FCRA by failing to make requisite clear and conspicuous disclosures and/or including extraneous information in   its background check disclosure and authorization form and/or by obtaining consumer reports on Plaintiff and FCRA CLASS Members without having proper authorization to do so;

2. Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of actual damages and/or statutory damages to Plaintiff and the members of the FCRA CLASS in an

amount equal to $1,000 for Plaintiff and each FCRA CLASS Member for Defendants' willful violation of the FCRA:

3. Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to Plaintiff and other FCRA CLASS Members;

4. An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

5. Such other and further relief as the Court deems just and equitable.

### On the Third Cause of Action

Violation of ICRAA

(Class Claim)

1. A determination and judgment that Defendants willfully violated the ICRAA;

2. An award of actual damages and/or statutory damages to Plaintiff and the members of the ICRAA CLASS;

3. An award of punitive damages to Plaintiff and other ICRAA CLASS Members;

4. An award for costs of suit and reasonable attorneys' fees pursuant to Cal Civ. Code § 1786.50;

5. Such other and further relief as the Court deems just and equitable.

### On the Fourth Cause of Action

Violation of CCRAA

(Class Claim)

1. A determination and judgment that Defendants willfully violated the CCRAA;

2. Injunctive relief;

3. An award of actual damages and/or statutory damages to Plaintiff and the members of the CCRAA CLASS

4. An award of punitive damages to Plaintiff and other CCRAA CLASS

COMPLAINT

Members;

5.  An award for costs of suit and reasonable attorneys' fees pursuant to statute;

6.  Such other and further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of the Class and Subclasses, respectfully demand a jury trial in this matter.

Respectfully submitted,

Dated:   October 15, 2020           */s/ James R. Hawkins*           
**JAMES HAWKINS, APLC**
James R. Hawkins, Esq.
Christina M. Lucio, Esq.

Attorneys for Plaintiff LAN LE, on
behalf of himself and all
others similarly situated