UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Lan Le, | Case No. 21-cv-1933 (WMW/HB) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| Medtronic, Inc.; Covidien, L.P.; and Does 1-50, | |
| Defendants. | |

---

Defendants move to dismiss Plaintiff's complaint for failure to state a claim on which relief can be granted. (Dkt. 42.) For the reasons addressed below, the Court grants Defendants' motion.

## BACKGROUND

Plaintiff Lan Le is a resident of Orange County, California. Defendant Medtronic, Inc., is a Minnesota corporation. Defendant Covidien L.P. is a Delaware limited partnership with headquarters in Massachusetts. Le also lists "Does 1-50" as defendants.

Le brings a putative class action "on behalf of himself and all persons who applied for jobs with Defendants, or who were employed by, or formerly employed by Defendants who, as a condition of employment, executed Defendants' standard background check disclosure form and submitted to a background check." Le alleges that he was employed by Defendants and, as a part of the employment application, Defendants required Le to sign a "Disclosure Regarding Background Reports" (the

Disclosure) and "Authorization to Obtain Background Check Reports" (the Authorization).

Le commenced this action on October 15, 2020, in the United States District Court for the Southern District of California. Le advances four claims. Le's first claim alleges that Defendants failed to make proper disclosures, in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(b)(2)(A)(i). Le's second claim alleges that Defendants failed to obtain proper authorization, in violation of FCRA, 15 U.S.C. § 1681b(b)(2)(A)(ii). Le's third claim alleges that Defendants failed to make proper disclosures, in violation of California's Investigative Consumer Reporting Agencies Act (ICRAA), Cal. Civ. Code §§ 1786 *et seq.* Le's fourth claim alleges that Defendants failed to make proper disclosures, in violation of California's Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code §§ 1785 *et seq.*

Defendants moved to dismiss and to transfer venue in February 2021. The United States District Court for the Southern District of California granted Defendants' motion to transfer, transferred the action to this Court and denied Defendants' motion to dismiss as moot. Defendants now renew their motion to dismiss Le's complaint for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

### I. "Meet-and-Confer" Requirement

As an initial matter, Le argues that Defendants failed to satisfy the meet-and-confer requirement of Local Rule 7.1(a) before filing their motion to dismiss. Local Rule 7.1(a) provides that "[b]efore filing a motion . . . the moving party must, if possible, meet

and confer with the opposing party in a good-faith effort to resolve the issues raised by the motion." A meet-and-confer statement is required for any motion other than a motion for a temporary restraining order or a motion under Federal Rule of Civil Procedure 56. *Id.* "Before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006). But courts generally do not automatically deny a party's motion for failure to satisfy the meet-and-confer requirement. *See Daywitt v. Minn. Dep't of Hum. Servs.*, No. 17-CV-5574 (NEB/TNL), 2019 WL 1417451, at *3 (D. Minn. Mar. 29, 2019) (listing cases).

Here, Defendants filed a meet-and-confer statement with the Court, in which counsel for Defendants certified that Defendants met and conferred with Le multiple times regarding the arguments raised in their motion to dismiss. Le's counsel attests, however, that the parties have not discussed the arguments raised in the motion to dismiss since the case was transferred from the Southern District of California. According to Le's counsel, Defendants' only communication before filing the motion was an email indicating an intent to file the motion. Unilateral communication does not demonstrate a good-faith effort to resolve the issues raised in the motion to dismiss. *See, e.g., Laughlin v. Stuart*, No. 19-cv-2547 (ECT/TNL), 2021 WL 1589546, at *5 (D. Minn. Apr. 22, 2021). In their email to Le, however, Defendants explained that they intended to file a motion to dismiss based on the same grounds as the motion to dismiss filed in the case before it was transferred. Because the parties had discussed those arguments before the case was transferred, Defendants' failure to engage in a renewed meet-and-confer process

3

does not warrant denial of Defendants' motion. Accordingly, the Court will consider Defendants' motion to dismiss.

## II. Standing

Defendants argue that dismissal is warranted because Le lacks standing. Article III of the United States Constitution limits federal jurisdiction to actual cases and controversies. U.S. Const. art. III, § 2, cl. 1; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). As standing is a jurisdictional prerequisite, a district court must determine whether the plaintiff has standing before reaching the merits of the plaintiff's claims. *See, e.g.*, *McCarney v. Ford Motor Co.*, 657 F.2d 230, 233 (8th Cir. 1981).

A defendant may challenge a plaintiff's complaint for lack of subject-matter jurisdiction either on its face or on the factual truthfulness of its averments. *See* Fed. R. Civ. P. 12(b)(1); *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When deciding a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a court "must distinguish between a 'facial attack' and a 'factual attack.' " *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). A factual attack challenges the existence of subject-matter jurisdiction irrespective of the allegations in the complaint. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914–15 (8th Cir. 2015). When ruling on a factual attack, as here, a district court may consider matters outside the pleadings, and the nonmoving party proceeds without "the benefit of [Rule] 12(b)(6) safeguards." *Osborn*, 918 F.2d at 729 n.6.

To establish standing, a plaintiff must allege (1) an injury in fact, (2) a causal relationship between the opposing party's conduct and the alleged injury, and (3) that the injury would likely be redressed by a favorable decision. *Lujan*, 504 U.S. at 560–61. A statutory violation, absent concrete injury, does not confer standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016); *accord TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) (observing that "an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law"). But intangible injury can constitute concrete harm, particularly when such injuries have "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion LLC*, 141 S. Ct. at 2204. Such injuries include "reputational harms, disclosure of private information, and intrusion upon seclusion." *Id.*

Most courts analyzing standing in the context of statutory disclosure requirements have "allowed two types of claims to proceed: (1) allegations that the plaintiff was confused by the disclosure; or (2) allegations that the plaintiff was deprived statutorily required information." *Fields v. Beverly Health & Rehab. Servs., Inc.*, No. 16–527 (DWF/LIB), 2017 WL 812104, at *4 (D. Minn. Mar. 1, 2017). But a " 'naked assertion' " of intangible harm that is " 'devoid of further factual enhancement,' falls short of plausibly establishing injury." *Auer v. Trans Union, LLC*, 902 F.3d 873, 878 (8th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

5

Le alleges that he and other putative class members "were confused regarding the nature of their rights under the FCRA."  But Le does not allege any specific facts supporting how the additional information caused confusion.  Le's naked assertion that the disclosure caused confusion is not sufficient to establish that he suffered harm.  Le also alleges that Defendants invaded his privacy because Defendants procured consumer reports without proper authorization.  But because consent to an invasion of privacy traditionally served as a bar to recovery in a tort action, consent to an invasion of privacy precludes establishing an injury for the purposes of standing.  *See id.* at 877.  Here, Le signed the Authorization.[1]  Although Le alleges that he did not understand the Authorization, parties are bound by the terms of a contract they do not read, absent fraud, overreaching, or excusable neglect.[2]  *See Gartner v. Eikill*, 319 N.W.2d 397, 398 (Minn. 1982); *Roldan v. Callahan & Blaine*, 161 Cal. Rptr. 3d 493, 497 (Cal. Ct. App. 2013).

---

[1]  Le attaches to his complaint a blank copy of Defendants' Disclosure and Authorization.  Defendants filed with their motion to dismiss a copy of the Authorization and Disclosure signed by Le, which is dated February 14, 2017.  In analyzing a motion to dismiss, courts may "consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned[] without converting the motion into one for summary judgment." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (internal quotation marks omitted).  Here, because Le attaches a blank copy of Defendants' Disclosure and Authorization, the signed copy is incorporated by reference.

[2]  Le addresses choice of law in a cursory manner, and Defendants do not address the matter at all.  Because Minnesota law and California law do not conflict as to the enforceability of contracts signed in ignorance of the contract's terms, however, the Court need not perform a choice-of-law analysis. *See Nodak Mut. Ins. Co. v. Am. Fam. Mut. Ins. Co.*, 604 N.W.2d 91, 93–94 (Minn. 2000) ("Before a choice-of-law analysis can be applied, a court must determine that a conflict exists between the laws of two forums.").

Because Le authorized a consumer credit report, he fails to plead an intangible injury to his privacy that is sufficient to confer Article III standing.

The Court lacks subject-matter jurisdiction because Le does not allege facts that are sufficient to confer Article III standing to bring his claims.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendants' motion to dismiss, (Dkt. 42), is **GRANTED**.

2. Plaintiff Lan Le's amended complaint, (Dkt. 10), is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 5, 2022

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge